1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>        v.<br><br>LAUREN MALINA WILSON,<br><br>                    Defendant. | CASE NO. 2:22-cr-00104-TL<br><br>ORDER ON MOTION TO<br>MODIFY SENTENCE |

        Defendant Lauren Malina Wilson was sentenced to 36 months imprisonment, five years of supervised release, and restitution upon pleading guilty to conspiracy to manufacture and distribute controlled substances, among other charges. This matter is before the Court on Ms. Wilson's Motion to Modify Sentence Pursuant to the Dictates of 18 U.S.C. § 3582(c)(2). Dkt. No. 109. Having reviewed the Government's response (Dkt. No. 115) and the relevant record, the Court DENIES the motion.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

## I.   BACKGROUND

On March 8, 2023, Ms. Wilson pled guilty to conspiracy to manufacture and distribute controlled substances, conspiracy to commit money laundering, and drug user in possession of a firearm. *See* Dkt. Nos. 61 (superseding felony information), 65 (plea agreement). On August 30, 2023, this Court sentenced Ms. Wilson to a total of 36 months of imprisonment, along with five years of supervised release and $71,379.67 in restitution. *See* Dkt. No. 108 (amended judgment). Ms. Wilson now brings the instant motion for a sentence reduction. Dkt. No. 109. The Government opposes. Dkt. No. 115. Ms. Wilson did not file a reply.

## II.   LEGAL STANDARD

A court generally "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). However, "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the [United States] Sentencing Commission ["USSC"]," a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable" and "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

Courts follow a two-step approach to sentence modification under § 3582(c)(2). *See United States v. Mercado-Moreno*, 869 F.3d 942, 948–49 (9th Cir. 2017); *Dillon v. United States*, 560 U.S. 817, 827 (2010). At step one, "a court must determine the defendant's eligibility for a sentence reduction." *Mercado-Moreno*, 869 F.3d at 948 (citing *Dillon*, 560 U.S. at 827). "A defendant is eligible for a reduction only if (1) the defendant's term of imprisonment was based on a sentencing range that has subsequently been lowered by a retroactive amendment to the Guidelines, and (2) the reduction is consistent with USSG § 1B1.10, the policy statement that implements § 3582(c)(2)." *Id.* at 949 (citing *Dillon*, 560 U.S. at 826–27). At step two, "[t]he

1  court must determine whether in its discretion, 'the authorized reduction is warranted, either in

2  whole or in part, according to the factors set forth in' 18 U.S.C. § 3553(a) and 'under the

3  particular circumstances of the case.'" *Id.* (quoting *Dillon*, 560 U.S. at 826–27).

### III.    DISCUSSION

5        Ms. Wilson argues that she is entitled to a sentence reduction under § 3582(c)(2) due to a

6  recent amendment to the Sentencing Guidelines that provides a two-point reduction in offense

7  level for certain "zero-point offenders," or defendants with no criminal history points. *See*

8  Dkt. No. 109 at 2; *see also* USSG § 4C1.1(a) (amendment). Ms. Wilson also argues that a

9  reduction is warranted. *See* Dkt. No. 109 at 3. In opposition, the Government argues that

10  Ms. Wilson is not eligible for a reduction in her sentence "because her applicable sentencing

11  range is not altered by the new amendments." Dkt. No. 115 at 5. The Government points out that

12  at Ms. Wilson's original sentencing, this Court awarded her the two-level reduction anticipated

13  by the USSC; thus, "application of that provision to her sentencing calculation does not have the

14  effect of lowering her range" and a reduction is not permitted. *Id.* at 6.

15        The Court finds both that Ms. Wilson is not eligible for a sentence reduction under

16  § 3582(c)(2) and that a reduction is not warranted. First, Ms. Wilson's Total Offense Level at

17  sentencing was 39 and Category I, with a guideline range of 262 to 327 months. *See* Dkt.

18  No. 103 (amended presentence investigation report) at 7–9 (sealed). A two-level reduction now

19  would result in a Total Offense Level of 37, which would carry a guideline range of 210 to 262

20  months. Thus, even if Ms. Wilson has *not* already received the benefit of § 4C1.1(a),[1] any further

---

22  [1] The Statement of Reasons (on file with the Court) states that "the Court granted a 2-level decrease to the total offense level" in anticipation of § 4C1.1. Thus, a further reduction now would also be inconsistent with another relevant policy statement of the Sentencing Commission. *See* USSG § 1B1.10(a)(2)(B) (stating reduction not authorized if "[a]n amendment . . . does not have the effect of lowering the defendant's applicable guideline range"). However, the Government also suggests that Ms. Wilson may not be eligible for the decrease. *See* Dkt. No. 115 at 6 n.3. Regardless, the Court denies the motion on other grounds.

1    reduction of her sentence would be less than the minimum of her amended guideline range,

2    which would not be consistent with a relevant policy statement of the USSC. *See* USSG

3    § 1B1.10(b)(2)(A) ("[T]he court shall not reduce the defendant's term of imprisonment . . . to a

4    term that is less than the minimum of the amended guideline range . . . ."); *see also, e.g.*, *United*

5    *States v. Ramirez-Meneses*, No. CR20-137, 2024 WL 1313650, at *1 (W.D. Wash. Mar. 27,

6    2024) ("[B]ecause the sentence already imposed . . . is well below the low end of this amended

7    range, the policy statement precludes any reduction in Defendant's sentence."); *United States v.*

8    *Copado-Nieto*, No. CR08-144, 2015 WL 13680850, at *2 (W.D. Wash. Sept. 11, 2015) (stating

9    substantially the same).

10         Second, even if Ms. Wilson was eligible for a sentence reduction, the § 3553(a) factors

11    and the circumstances of this case suggest that a reduction is not warranted. Ms. Wilson received

12    a sentence of 36 months of imprisonment (and five years of supervised release with

13    restitution)—well below 210 months, the minimum of her possible amended guideline range. *See*

14    18 U.S.C. § 3553(a)(4). Moreover, the Court carefully considered all the sentencing factors,

15    among them the nature and circumstances of the offense, 18 U.S.C. § 3553(a)(1), and the need

16    for the sentence to reflect the seriousness of the offense, provide just punishment, deter others,

17    and protect the public from further crimes, 18 U.S.C. § 3553(a)(3)(A)–(C). For example, the

18    Court already considered, among other things, Ms. Wilson's smaller role in the conspiracy

19    (relative to her co-defendant), her robust community support, her lack of criminal history, and

20    her efforts to address her drug addiction. Any further reduction in her sentence—already well

21    below the minimum of her range—would fail to reflect the seriousness of her offenses and would

22    fail to provide sufficient deterrence and protection to the public. *See, e.g.*, *United States v.*

23    *Marin-Torres*, No. CR09-262, 2016 WL 9274935, at *2 (W.D. Wash. Nov. 1, 2016) (finding

24    defendant eligible for sentence reduction but denying reduction "[b]ased on defendant's violent

criminal past, and continued violent crimes post-conviction"), *aff'd*, 702 F. App'x 645, 646 (9th Cir. 2017). The Court commends Ms. Wilson's participation in the Canine Companion program and her employment at the Commissary Warehouse (*see* Dkt. No. 109 at 3), but these post-sentencing circumstances are not sufficient to justify a further reduction in her sentence.

## IV.    CONCLUSION

Accordingly, Ms. Wilson's Motion to Modify Sentence (Dkt. No. 109) is DENIED.

Dated this 10th day of April 2024.

Tana Lin
United States District Judge